UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| BOBBY RAY LONG, )<br>)<br>                    Petitioner, )<br>    vs.                                            )<br>)<br>SUPERINTENDENT,                    )<br>  Plainfield Correctional Facility,       )<br>)<br>                    Respondent.            ) | 1:09-cv-652-DFH-DML |

# E N T R Y

Petitioner Long seeks to expand his habeas corpus action to include claims under 42 U.S.C. § 1983. That request (dkt 12) is **denied** for these reasons:

1.  The proposed claims are not actionable at this point because Long contends that the misdeeds of the putative defendants in connection with the disciplinary proceeding already challenged in the habeas action have prolonged his release from custody. The settled law in these circumstances is that when a prisoner makes a claim that, if successful, could shorten his term of imprisonment, the claim must be brought as a habeas petition, not as a § 1983 claim. *Heck v. Humphrey,* 512 U.S. 477 (1994). In *Edwards v. Balisok,* 520 U.S. 641 (1997), the foregoing rule was "extend[ed] . . . to the decisions of prison disciplinary tribunals." *Gilbert v. Cook*, 512 F.3d 899, 900 (7th Cir. 2007).

2.  Procedurally, therefore, the proposed civil rights complaint does not state a viable claim for relief and leave to permit an amendment of this nature is properly denied. *Perkins v. Silverstein,* 939 F.2d 463, 472 (7th Cir. 1991)("To hold otherwise would impose upon the defendants and the courts the arduous task of responding to an obviously futile gesture on the part of the plaintiffs.")

3.  Additionally, joining a claim for damages to a civil rights action would also violate the complaint and the joinder of claims limitation of the *Federal Rules of Civil Procedure*. In *George v. Smith*, 507 F.3d 605 (7th Cir. 2007), the Court of Appeals explained that such a nonconforming complaint must be "rejected." "Unrelated claims against different defendants belong in different suits." *Id.* at 607. Finally, to proceed as Long proposes would permit him to evade the filing fee requirement of 28 U.S.C. § 1914.

So ordered.

_____
DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Date:  July 20, 2009

Distribution:

Bobby Ray Long
#885380
Plainfield Correctional Facility
727 Moon Road
Plainfield, IN 46168

Pamela Sue Moran
INDIANA OFFICE OF THE ATTORNEY GENERAL
pamela.moran@atg.in.gov